**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Simpson, | No. CV-19-03073-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Carol Simpson's Application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 13). Defendant SSA filed an Answering Brief (Doc. 14), and Plaintiff filed a Reply (Doc. 15). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 20) and reverses the Administrative Law Judge's ("ALJ") decision (AR at 16-26) and remands this matter for a new hearing for the reasons addressed herein.

**I.    Background**

Plaintiff filed an Application for SSDI benefits on May 1, 2015, and SSI benefits on May 20, 2015, alleging a disability beginning on February 1, 2011. (AR 19). Plaintiff's claim was initially denied on August 19, 2015, and upon reconsideration on February 19, 2016. (*Id*.) A hearing was held before ALJ Sheldon P. Zisook on January 18, 2018. (*Id.* at 37-51). Plaintiff was 44 years old at the time of the hearing and held previous

employment as a telemarketer. (*Id.*) Plaintiff's Application was denied by the ALJ on May 11, 2018. (*Id*. at 30). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairment of fibromyalgia. (AR 22). While the ALJ noted that Plaintiff's severe impairment limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, including the job she previously performed as a telemarketer, and thus was not disabled. (*Id.* at 25).

Plaintiff argues that the ALJ erred in failing to give specific and legitimate reasons for rejecting the opinion of the examining source provider, Dr. Shelly Woodward, Ph.D., and in improperly discounting her subjective symptom testimony. (Doc. 13). The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 14). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.     Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ

follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Analysis**

Plaintiff argues the ALJ erred in failing to give specific and legitimate reasons for rejecting the opinion of examining consultant, Dr. Woodward, and in improperly discounting her subjective symptom testimony. (Doc. 13). Plaintiff contends her case should be remanded for a new hearing. *Id.* After reviewing the record, the parties' briefs, and applicable law, the decision of the Commissioner reversed and remanded for further proceedings consistent with this Order.

**A. The ALJ erred in giving little weight to the opinion of examining consultant Dr. Shelly Woodward, Ph.D.**

Plaintiff argues that the ALJ gave arbitrary reasons, rather than specific and legitimate ones, for giving little weight to the opinion of Dr. Woodward. Plaintiff seeks for her case to be remanded for a new hearing and opinion. (Doc. 13).

The medical opinions of three types of medical sources are recognized in Social

Security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

When examining doctors "provide independent clinical findings that differ from the findings of the treating physician, such findings are themselves 'substantial evidence.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (*quoting Orn*, 495 F.3d 625, 632) (other citations omitted). "As is the case with the opinion of a treating physician, the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31. "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." (*Id.*). The Ninth Circuit requires this exacting standard "because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" (*Id.*) (*quoting Orn*, 495 F.3d at 633).

Here, the ALJ provided a thorough summary of Dr. Woodward's psychological evaluation of Plaintiff. (AR 24-25). The ALJ described the results of the test results conducted by Dr. Woodward and explained her objective observations and findings related to Plaintiff's functional limitations. (*Id.*) This included a discussion of Dr. Woodward's opinion that Plaintiff's mood disorder could make it difficult for her to maintain attention

and concentration for extended periods, making it difficult for her to complete a normal workday. The ALJ also noted Dr. Woodward's conclusion that Plaintiff was impaired in social interactions, she could have difficult working in proximity to others, and she would have difficulty adapting and responding appropriately to changes. (*Id.*) The ALJ further noted the finding that Plaintiff would have difficulty remembering detailed instructions, and that she had some limitations in concentration and persistence during the interview and in her performance on the Folstein Mini Mental Status Examination. (*Id.*)

After describing Dr. Woodward's findings in great detail, the ALJ discounted her opinions in a few sentences. (*Id.* at 25). The ALJ noted that Dr. Woodward examined Plaintiff only once and determined, without stating more, that Dr. Woodward "seemed to rely heavily on the claimant's subjective complaints." (*Id.*) The ALJ also cited to a different medical treatment note in the record showing that Plaintiff was noted to have "good eye contact" and "good judgment" at a previous medical appointment to discount Dr. Woodward's opinion of severe mental impairments. Lastly, the ALJ noted that Plaintiff did not have any formal mental health treatment records. (*Id.*)

The Court finds that the ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record to give little weight to the opinion of Dr. Woodward. *See Andrews*, 53 F.3d at 1043. While it may be relevant that Dr. Woodward only examined Plaintiff once, the ALJ does not explain how this factored into his decision. Nor are the cited treatment records referencing "good eye contact" and "good judgment" substantial evidence supporting a specific reason to give little weight to this opinion. Lastly, the ALJ does not explain how Plaintiff's lack of "formal mental health treatment" makes Dr. Woodward's observations less credible. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[a]ppellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.").

Therefore, the ALJ erred in giving little weight to Dr. Woodward's opinion and, in turn, finding that Plaintiff's mental impairments were non-severe. On remand, the ALJ

shall consider Dr. Woodward's opinion with all other medical evidence of record and determine the proper weight to afford the opinion based on applicable law.

> **B.      The ALJ erred in failing to provide specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff next argues that the ALJ did not give legitimate and convincing reasons supported by substantial evidence for discounting her subjective symptom testimony. (Doc. 13 at 9). The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of her symptoms. (Doc. 14 at 8).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains her decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence.[1] (AR 27-28). Specifically, the ALJ noted that the lack of more aggressive treatment, such as surgical intervention, emergent care, or

---

[1] The ALJ refers to Plaintiff, Ms. Simpson, as "he" multiple times in this section, making it appear to this Court that several sentences were copied into this decision from a prior decision related to a different claimant.

hospitalization, suggested that Plaintiff's symptom testimony was not credible. (*Id.* at 22). The ALJ does not explain what impact the lack of "more aggressive treatment" had on his decision to discount her testimony, as is required by the regulations. *See Soc. Sec. Ruling 16-3p Titles II & Xvi: Evaluation of Symptoms in Disability Claims,* SSR 16-3P (S.S.A. Oct. 25, 2017) ("[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). It appears that the ALJ assumed the lack of more aggressive treatment necessarily meant that Plaintiff was not being truthful about her symptoms. This is harmful error.

The ALJ also noted Plaintiff's possible drug use on more than one occasion. After stating that the lack of more aggressive treatment suggested that her symptoms were not as severe as alleged, the ALJ stated "it seems the claimant may be abusing marijuana and methamphetamine. However, it was not noted anywhere in the record." (*Id.*) This is not substantial evidence. Nor does the ALJ explain how Plaintiff's alleged drug use, which as noted by the ALJ has no support in the record, would be a reason to reject her symptom testimony related to her severe impairment of fibromyalgia.

The Court finds that the ALJ's findings are not supported by the record and that the ALJ did not provide clear and convincing reasons for discounting Plaintiff's symptom testimony. Therefore, the Court finds error as to the analysis of Plaintiff's symptom testimony and will remand this issue for further proceedings.

**IV.     Remand for Further Proceedings**

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however,

a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards. Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate, to reconsider the opinion of Dr. Woodward coupled with Plaintiff's subjective symptom testimony.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to further evaluate the medical opinion of Dr. Woodward, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, reevaluate Plaintiff's symptom testimony, and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 5th day of October, 2021.

Honorable Susan M. Brnovich
United States District Judge